IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD TOMALSKI, GLENN ARMSTRONG, STEPHEN MATOTEK, ROBERT HARRIS *AND* CLIFFORD W. HUNT<br>Plaintiffs,<br><br>v<br><br>ARMSTRONG WORLD INDUSTRIES, INC.,<br>Defendant. | 2:12-cv-140 |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court are DEFENDANT ARMSTRONG WORLD INDUSTRIES, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Document No. 6) and the MOTION FOR REMAND (Document No. 8) filed by Plaintiffs. The motions have been thoroughly briefed (Document Nos. 7, 9-11, 19, 20) and are ripe for disposition.

Factual and Procedural Background

Defendant Armstrong World Industries, Inc. ("Armstrong") owned and operated a manufacturing facility in Beaver Falls, Pennsylvania (the "Beaver Falls Plant"). The five Plaintiffs are former employees of Defendant at the Beaver Falls Plant. As employees of Armstrong, Plaintiffs allege that they were parties to and/or third-party beneficiaries of a collective bargaining agreement between Armstrong and the United Steelworkers AFL-CIO, CLC and Local Union No. 256L (the "Union").

Throughout 2010, it was anticipated that the Beaver Falls Plant would close. Accordingly, Armstrong and the Union held several meetings, during which the Union bargained on behalf of both active and retired employees. Complaint ¶ 9. The meetings culminated in the

1

execution of a Plant Closure Agreement and an accompanying Severance Agreement and General Release on October 29, 2010. Plaintiffs Edward Tomalski, Glenn Armstrong, Stephen Matotek and Robert Harris had retired shortly prior to October 29, 2010. Plaintiff Clifford Hunt "resigned and was thereby released" on October 15, 2010. Each Plaintiff was alleged to "be in an active employment status as of July 9, 2010."[1]

Plaintiffs originally filed this lawsuit in the Court of Common Pleas of Beaver County, Pennsylvania ("Beaver County Court") on December 23, 2011. The Complaint asserts claims for breach of contract on behalf of each of the five Plaintiffs. Plaintiffs allege that they are entitled to severance benefits of $800 per year of service, which Armstrong has refused to pay. The Complaint was served on Armstrong on January 10, 2012. On February 7, 2012, Armstrong filed a timely notice of removal to this Court, pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

Motion for Remand

Plaintiffs contend that this case should be remanded to the Beaver County Court. Plaintiffs make several arguments as to why this Court lacks subject-matter jurisdiction under the LMRA: (1) the Plaintiffs are asserting claims under state contract law which do not require "interpretation" of the Plant Closure Agreement; (2) the LMRA provides only that cases "may" be brought in federal court; and (3) in Article IX of the Plant Closure Agreement, the Union waived all claims under the LMRA. None of these contentions is persuasive.

As an initial matter, the Plant Closure Agreement is a collective-bargaining agreement governed by the LMRA. The contracting parties are the employer (Armstrong) and the Union. *See* Section 1. Moreover, the Plant Closure Agreement is fundamental to Plaintiffs' claims –

---
[1] The Complaint does not specifically allege that Harris and Hunt were members of the Union.

2

indeed, the gravamen of their legal theory is that Armstrong breached the Plant Closure Agreement. This is a case which directly implicates, and is wholly dependent upon, the terms of a collective bargaining agreement.[2] *See Lewis v. International Brotherhood of Teamsters*, 826 F.2d 1310 (3d Cir. 1987) (the LMRA "does not state that suit under that section must be brought by a labor organization. It states only that the suit must be based on a contract between labor organizations.").

As Plaintiffs acknowledge, the LMRA provides that "suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Accordingly, the removal of this case by Armstrong was proper. Federal courts are not permitted to remand cases over which they may properly exercise subject-matter jurisdiction. *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 786-87 (3d Cir. 1995). To the contrary, the removal statute, 28 U.S.C. § 1441, grants defendants a right to a federal forum when the statutory criteria are satisfied, despite the contrary wishes of plaintiffs. Even assuming arguendo that this case "may" have remained in the Beaver County Court, it is properly here now and cannot be remanded.[3]

Motion to Dismiss

Armstrong contends that this case should be dismissed on the ground that Plaintiffs have failed to exhaust their administrative remedies. Armstrong argues that the Plant Closure Agreement "implicitly incorporates" the grievance and arbitration procedure set forth in the underlying Agreement and Pension, Disability, Life Insurance, Dental Assistance Plan, and

---

[2] The Court's jurisdiction over this lawsuit filed by former employees is proper even if the Union waived its LMRA claims. The Court notes that this theory for remand requires interpretation of the Plant Closure Agreement.
[3] Because the LMRA applies, it also preempts Plaintiffs' state law breach of contract claims. *See, e.g., Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992). Thus, federal law will govern this case.

Hospital and Medical Benefits Supplement to Collective Bargaining Agreement ("CBA") between Armstrong and the Union, effective October 3, 2008. Armstrong has attached a copy of the CBA to its brief.[4] Armstrong concedes that the Plant Closure Agreement does not expressly provide for a grievance and arbitration mechanism. Nevertheless, Armstrong contends that the Plant Closure Agreement is an "extension" of the CBA, which must be read and construed in conjunction with the CBA. Armstrong further contends that Plaintiffs' claims fail because they have not alleged a breach of the duty of fair representation by the Union. Plaintiffs respond that they are seeking damages solely under the Plant Closure Agreement, which requires no exhaustion of remedies by them or the Union.

Article I, Section 3 of the Plant Closure Agreement states: "To the extent that this Agreement ***conflicts*** with the current collective bargaining agreement between the parties**, *this Agreement shall supersede*.**" Thus, it is abundantly clear to the Court that in the event of a conflict between the CBA and the Plant Closure Agreement, the parties intended that the terms of the Plant Closure Agreement should govern. This provision is dispositive of Defendant's motion to dismiss.

Armstrong's motion is premised upon a "conflict." The CBA contains a grievance/arbitration procedure and the Plant Closure Agreement does not. Armstrong contends that the mechanism set forth in the CBA must be used. The Court, however, has no difficulty in determining that it is the procedure set forth in the Plant Closure Agreement – not the CBA -- which must prevail. Accordingly, there was no need to exhaust administrative remedies, by either Plaintiffs or the Union. *See Nicholas v. Grapetree Shores, Inc.*, 2011 WL 2518804 at * 10 (D.V.I. 2011) (employee not required to allege claim against Union for breach of duty of fair

---

[4] Because the CBA is referenced in the Complaint and is of undisputed authenticity, and the parties' claims are dependent upon the terms of the Agreements, the Court will consider the CBA in ruling on this motion. *Pension Benefit Guar. Corp. v. White Consol. Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993) (internal citations omitted).

representation where collective bargaining agreement did not contain grievance procedure). The Court notes that this result is in accordance with the fundamental principle that absent waiver, parties have a right to file an action in court for breach of contract.[5] *See Orlando v. Interstate Container Corp.*, 100 F.3d 296, 300 (3d Cir. 1996) ("A contract that is silent on the method of resolving grievances cannot be said to require arbitration, despite the policy that favors that procedure.").

Conclusion

Plaintiffs want this dispute to be decided by the Beaver County Court and Armstrong wants it to be decided by an arbitrator. Apparently, neither side wants to be in this Court. Nevertheless, that is the result compelled by the Court's analysis of the applicable law. The LMRA provides for jurisdiction in this Court because Plaintiffs allege a breach of the Plant Closure Agreement, which is a collective bargaining agreement between an employer and Union. Thus, remand is not warranted. By the same token, however, this dispute is not arbitrable because the Plant Closure Agreement contains no grievance/arbitration procedure and supersedes any contrary provisions in the CBA. Thus, dismissal is not warranted.

Accordingly, both motions will be **DENIED**. Armstrong will be required to file an Answer to the Complaint and this case shall proceed in this Court according to federal law.

An appropriate Order follows.

McVerry, J.

---

[5] Armstrong has not challenged Plaintiffs' standing to file suit as third-party beneficiaries of the Plant Closure Agreement, and any such argument is unlikely to be meritorious. *See Lewis*, 826 F.2d at 1314.

| | |
|---|---|
| EDWARD TOMALSKI, GLENN ARMSTRONG, STEPHEN MATOTEK, ROBERT HARRIS *AND* CLIFFORD W. HUNT<br>Plaintiffs,<br><br>v<br><br>ARMSTRONG WORLD INDUSTRIES, INC.,<br>Defendant. | )<br>)<br>)<br>) 2:12-cv-140<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 26th day of March, 2012, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANT ARMSTRONG WORLD INDUSTRIES, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Document No. 6) is **DENIED** and the MOTION FOR REMAND (Document No. 8) filed by Plaintiffs is **DENIED**.

Defendant shall file an Answer to the Complaint on or before April 9, 2012.

A Case Management Conference is scheduled for April 13, 2012 at 2:15 p.m.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **Michael B. Jones, Esquire**
Email: mjones@yourlawfirm.net

**Larry J. Rappoport, Esquire**
Email: ljr@stevenslee.com
**Michael G. Tierce, Esquire**
Email: mgt@stevenslee.com