IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD TOMALSKI, GLENN ARMSTRONG, STEPHEN MATOTEK, ROBERT HARRIS *AND* CLIFFORD W. HUNT<br>Plaintiffs,<br><br>v<br><br>ARMSTRONG WORLD INDUSTRIES, INC.,<br>Defendant. | 2:12-cv-140 |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES (Document No. 27) filed by Plaintiffs. Defendant ("Armstrong") has filed a response and brief in opposition, Plaintiffs have filed a reply brief, and the motion is ripe for disposition.

This case involves Plaintiffs' claims for severance benefits arising out of the closure of the Armstrong facility in Beaver County, Pennsylvania. On March 26, 2012, the Court denied Plaintiffs' motion to remand the case to the state court and also denied a motion to dismiss filed by Armstrong. Armstrong was directed to file an Answer to the Complaint on or before April 9, 2012 and a Case Management Conference was scheduled for April 13, 2012.

Armstrong did not file its Answer on time, assertedly due to "a misunderstanding in counsel's office." Armstrong did participate in the Case Management Conference on Friday April 13; became aware that the Answer had not been filed; and filed it the following Monday, April 16, 2012.

Plaintiffs point out that Armstrong did not seek an extension of time to file its Answer, in accordance with Fed. R. Civ. P. 6(b). They cite Fed. R. Civ. P. 8(b)(6) for the proposition that Defendant has failed to timely deny the averments in the Complaint, except as to damages.

1

Plaintiffs ask the Court to strike the Answer and deem the allegations of the Complaint admitted pursuant to Fed. R. Civ. P. 12(f). Motion at ¶ 5.

Armstrong points out, correctly, that Motions to Strike are disfavored. Armstrong further points out that the default procedures in Fed. R. Civ. P. 55 do not apply, because it filed its Answer before Plaintiffs moved for default. More generally, Armstrong contends that its tardy filing was due to "a misunderstanding in counsel's office" and a "misassumption that it had been filed" (i.e., excusable neglect). The oversight was quickly corrected and caused no prejudice to Plaintiffs.

Federal Rule of Civil Procedure 1 provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Accordingly, there is a strong preference to decide cases on "the merits" rather than a procedural trap. Counsel for Armstrong did fail to comply with the rules and is admonished to be more diligent. Nevertheless, the extreme relief sought by Plaintiffs far exceeds any possible prejudice they may have suffered due to the one-week delay in filing the Answer.

Accordingly, the MOTION TO STRIKE ANSWER AND AFFIRMATIVE DEFENSES (Document No. 27) is **DENIED**.

SO ORDERED this 24th day of April, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **Michael B. Jones, Esquire**
Email: mjones@yourlawfirm.net
**Larry J. Rappoport, Esquire**
Email: ljr@stevenslee.com
**Michael G. Tierce, Esquire**
Email: mgt@stevenslee.com